AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California



FILED
JAN 29 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No.
One Samsung Model SGH-F250L Cellular Telephone, )
FCC ID A3LSGHF256; and One iPhone Cellular ) **16MJ0272**
Telephone (Model: A1241), FCC ID BCGA1241 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein,

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1324 | Alien Smuggling |

The application is based on these facts:

See Affidavit in Support of Search Warrant, incorporated herein,

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

John Harris, Border Patrol Agent / Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 1/29/2016

_____
*Judge's signature*

City and state: San Diego, California    Honorable Ruben B. Brooks, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

(a)  One Samsung red cellular telephone
Model# SGH-F250L
FCC ID: A3LSGHF256



(b)   iPhone cellular telephone (Smart phone)
      Model: A1241
      FCC ID: BCGA1241
      IC ID: 579C-A1241



Both phones currently in the possession of the Department of Homeland Security, United States Border Patrol, Chula Vista Station; 311 Athey Street, San Ysidro, California 92173.

## ATTACHMENT B

The following evidence to be searched for and seized pertaining to violations of Title 8, United States Code, Section 1324(a)(1)(A)(ii) (Bringing in and harboring certain aliens)

1. The numbers and/or direct connect and/or names and identities assigned to the cellular phone;

2. Digital, cellular and/or telephone numbers and/or direct connect, names and identities stored in the directories;

3. Phone numbers and direct connect numbers dialed from cellular phone and stored in the memory;

4. Phone numbers and direct connect numbers received by the cellular phone and stored in the memory;

5. Any other electronic information in the stored memory and/or accessed by the active electronic features of the cellular phone, including but not limited to test messages and voicemail.

# AFFIDAVIT IN SUPPORT OF SEARCH WARRANT APPLICATION

I, John Harris, an Agent with the United States Border Patrol, being duly sworn under oath, declare and state:

## EXPERIENCE AND TRAINING

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

2. I have been a Border Patrol Agent ("BPA") since March 2007. I received basic immigration and customs enforcement training at the Federal Law Enforcement Training Center located in Artesia, New Mexico. I am currently a Task Force Officer ("TFO") with U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI") and am assigned to the HSI human smuggling unit within the Office of the Deputy Special Agent in Charge, San Ysidro, California.

3. During the course of my employment, I have participated in investigations which have resulted in the issuance of arrest warrants, search warrants, seizure warrants, and the indictments of persons for a variety of federal or state offenses. I have also participated in alien, narcotics, and bulk cash smuggling investigations which have resulted in federal or state criminal charges. Through my training and experience, I have gained a working knowledge and insight into the typical workings of narcotics and alien smuggling organizations, and the people employed by them. I have spoken with experienced criminal investigators concerning methods and practices used by narcotics and human smugglers. Through my personal training and experience, combined with conversations with other experienced criminal investigators, I have developed familiarity with the behavior, speech, and methods of operation employed by both narcotics and human smugglers, to avoid detection and apprehension by law enforcement officers.

//

4. I am aware that it is common practice for alien smugglers to use cellular telephones, pagers, and portable radios to maintain communications with co-conspirators and collect smuggling fees in furtherance of their criminal activities. It is also a common practice for criminal individuals to keep and utilize electronic devices, including iPads or other electronic tablets, computers, and other devices as a storage device containing photographs, ledgers, messages, contacts, emails and other forms of correspondence. These avenues of communication are commonly used by individuals associated with known criminal organizations.

5. Because this affidavit is being submitted for the limited purpose of establishing probable cause to obtain a search warrant, I have not included every detail of the investigation. The information contained in this affidavit is based upon review of official reports, conversations with other Federal agents and law enforcement officers, and my personal observations and knowledge.

6. Based upon my experience and training, and all of the facts and opinions set forth in this affidavit, I have learned that alien smugglers and their organizations use digital and cellular phones to increase their mobility and to provide the smugglers with instant access to phone calls, text messages, emails and voice messages. Alien smugglers and their organizations prefer digital and cellular phones, because these individuals believe it is difficult for law enforcement to track their originating and destination phone numbers of messages and calls.

## REQUESTED SEARCH WARRANT

7. I submit that the facts contained herein demonstrate probable cause to believe that the fruits, instrumentalities and evidence of violations of Title 8, United States Code, Sections 1324 (Bringing in and harboring certain aliens); and more fully described in ATTACHMENT B, will be found in the electronic communications devices and cellular telephones, as more fully described in ATTACHMENT A, identified as:

//

2

      a.    Samsung Cellular Telephone

           Model # SGH-F250L

           FCC ID: A3LSGHF256

      b.    iPhone Cellular Telephone

           Model: A1241

           FCC ID: BCGA1241

           IC ID: 579C-A1241

Items A and B are located in DHS custody and were seized from Jose Fernando GARCIA-Garcia subsequent to his arrest for alien smuggling on January 21, 2016, by Border Patrol Agents in San Diego, California.

## FACTS ESTABLISHING PROBABLE CAUSE

8. On January 21, 2016, Border Patrol Agents assigned to the Chula Vista Border Patrol Station arrested GARCIA for alien smuggling in San Diego, California. During post Miranda statements material witnesses identified GARCIA as the foot guide for the group. According to DHS records GARCIA has been identified previously as a foot-guide a total of five times. At the time of GARCIA's arrest he was in possession of two cellular telephones, Items A and B.

9. Lexmar LOPEZ-Wong was a Material Witness in this event. LOPEZ was shown a photographic line up with six photographs of similar looking individuals. LOPEZ identified photograph number five as the foot guide for this smuggling event. Photograph number five is GARCIA. LOPEZ stated that early on the morning on January 21, 2016 GARCIA picked her up at a location in Mexico and drove to the border fence where they met a group of people who were also preparing to cross illegally into the United States. LOPEZ stated that after crossing into the United States GARCIA guided the group of illegal aliens to the location where the load vehicle arrived.

10. Richy SOTO-Leon was a Material Witness in this event. SOTO stated that he illegally crossed the border with a group of approximately ten other people

3

early on January 21, 2016. SOTO stated a young male in the group was giving the group instructions on where to go and what to do. SOTO also observed the same person making phone calls on a cellular phone when the group would stop and rest. SOTO was shown a photographic line up with six photographs of similar looking individuals. SOTO identified photograph number five as the male he had seen giving instructions to group and making phone calls during this smuggling event. Photograph number five is GARCIA.

11. Osmar CASTILLO-Barrionuevo was a Material Witness in this event. CASTILLO stated that while he illegally crossed the border he noticed another individual who was following the group from a distance and constantly speaking on a cellular telephone. CASTILLO stated that once the load vehicle arrived to pick up the group, the person whom he previously observed following the group was in the passenger seat of the vehicle. CASTILLO was shown a photographic line up with six photographs of similar looking individuals. CASTILLO identified photograph number five as the male that he had seen following the group and again in the passenger seat of the load vehicle. Photograph number five depicts GARCIA.

## BASIS FOR EVIDENCE SOUGHT IN SEARCH WARRANT

12. Based upon my experience and training, and all of the facts and opinions set forth in this affidavit, I have learned that suspects involved in alien smuggling, often use mobile telephones in furtherance of their criminal activities, and that these instrumentalities often contain data constituting evidence of these activities.

13. Many current mobile telephones and electronic communication devices, including iPads and tablets, are sophisticated computing devices capable of performing many of the same functions as desktop and laptop computers, including internet connectivity. These devices are commonly used in furtherance of illicit activity in the same manner as computers.

14. Individuals involved in alien smuggling use cellular telephones and electronic communication devices to conduct their criminal activities. An examination

4

of the above-referenced items to be searched will enable investigators to establish further evidence of the alien smuggling conspiracy. Cellular telephones and electronic communication devices (Tablets, iPads, etc.) are capable of storing many different types of data that are invaluable to investigators and could be evidence of criminal conduct. This data, sought pursuant to the requested search warrant, consists of the contents of the cellular telephone(s) or electronic communication devices memory, including: stored names and telephone numbers in the memory, "phonebook" or list of contacts, and/or speed dial functions of the telephones; telephone numbers dialed for the most recent outgoing or "sent" calls of the telephones, along with date and time of call data; telephone numbers dialing the telephones for the most recent incoming "received" calls, along with date and time of the call data; telephone numbers dialing the telephones for the most recent "missed" calls, along with date and time of call data; GPS navigation information; internet searches and websites viewed; and deleted data.

15. The computer functions of mobile telephones and electronic communication devices are also commonly used in furtherance of alien smuggling. Alien smuggling suspects use these functions to communicate, through electronic mail, instant message services, online voice and video communication services, and social media services. Alien smugglers commonly use these methods to engage their network of criminal associates, friends, acquaintances, and family, in order to meet and make contact with other smugglers, with the ultimate goal of finding new suppliers and customers. In furtherance of this goal, smugglers commonly display photographs of themselves with narcotics, bulk currency, and firearms on social media web sites that are readily accessible to the general public.

16. In addition to functioning as computers, mobile telephones and electronic communication devices have a basic function as mobile communication devices, serving as indispensable tools for people involved in illegal activity. During the course of other investigations, I have learned that suspects use of mobile telephones

5

and electronic communication devices are in part to increase their mobility by providing them with instant access to telephone calls, text messages, emails, and voice messages; and, in part, because they believe it is more difficult for law enforcement to identify the subscribers and users of mobile telephones and electronic communication devices, as compared to landline telephones. It has been my experience that when individuals are detained or arrested, telephone calls between those individuals and their co-conspirators are often present in the contact lists and recent telephone calls of the telephones in their possession.

17. I further believe that the following items are likely to be found in the cellular telephones sought to be to be searched:

a. Communications, records, or data including, but not limited to, telephone contacts, call logs, emails, text messages, photographs, audio files, videos, or location data:

    i. tending to indicate efforts to commit alien smuggling;

    ii. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate efforts to commit alien smuggling;

    iii. tending to identify co-conspirators, criminal associates, or others involved in alien smuggling;

    iv tending to identify travel to or presence at locations involved in alien smuggling, such as stash houses, load houses, and delivery points;

    v. tending to identify the user of, or persons with control over or access to, the subject devices; or

//

    vi. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

### SEARCH PROTOCOL FOR CELLULAR TELEPHONES AND ELECTRONIC COMMUNICATION DEVICES

18. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow their subscribers to access their device over the internet, remotely destroying all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

//

19. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

20. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

21. Based upon my experience and training, consultation with other law enforcement officers experienced in alien, narcotics, and financial investigations, and all the facts and opinions set forth in this affidavit, I believe that probable cause exists to conclude that the items set forth in Attachment A (incorporated herein by reference), were utilized to facilitate the offense of alien smuggling. Furthermore, I believe there is probable cause to believe these items contain stored data that constitutes evidence, fruits, and instrumentalities of violations of Title 8, United States Code, Section 1324(a)(1)(A)(ii) (Bringing in and harboring certain aliens)//

22. Therefore, I respectfully request a warrant be issued authorizing a search of the items described in ATTACHMENT A, and the seizure of items listed in ATTACHMENT B, using the methodology described above.

//
//
//
//
//
//

23. I swear the foregoing is true and correct to the best of my knowledge and belief.

John Harris, Border Patrol Agent
Task Force Officer
Homeland Security Investigations

Sworn to and subscribed before me this 29th day of January 2016

Hon. Ruben B. Brooks
United States Magistrate Judge